UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM EINHORN, Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity and the Teamsters Health and Welfare Trust Fund of Philadelphia and Vicinity,<br><br>       Plaintiff,<br><br>       v.<br><br>M.L. RUBERTON CONSTRUCTION COMPANY,<br><br>       Defendant / Third Party Plaintiff,<br><br>       v.<br><br>RONALD TOBIA, ESQ.; TOBIA & SORGER ESQUIRES, LLC; and DAVID DECLEMENT, ESQ.,<br><br>       Third Party Defendants. | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 06-2511<br><br>**OPINION** |

**APPEARANCES:**

STEVENS & LEE
By:  Frank C. Sabatino, Esq.
     Jo Bennett, Esq.
     John C. Kilgannon, Esq.
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania 19103
          Counsel for Plaintiff

COHEN, SEGLIAS, PALLAS, GREENHALL, & FURMAN PC
By:  Melissa C. Angeline, Esq.
     Jonathan Landesman, Esq.
2 White Horse Pike
Haddon Heights, New Jersey 08035

1

Counsel for Defendant / Third Party Plaintiff

CARROLL, MCNULTY, & KULL, LLC
By:  David M. Kupfer, Esq.
120 Mountain View Boulevard
P.O. Box 650
Baskin Ridge, New Jersey 07920
        Counsel for Third Party Defendants Tobia and Tobia
        & Sorger

HARRY R. BLACKBURN & ASSOCIATES P.C.
By:  John Edward Shields, Jr., Esq.
74 South Main Street
Medford, New Jersey 08055
        Counsel for Third Party Defendant DeClement

**IRENAS**, Senior District Judge:

Presently before the Court is Defendant M.L. Ruberton Construction Co.'s (Ruberton) Motion for Attorneys' Fees and Costs (Motion).  The Motion follows a prior opinion and order, which granted Defendant Ruberton's motion for summary judgment.[1] For the following reasons, the Motion will be denied.

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  *See Einhorn v. M.L. Ruberton Constr. Co.*, 665 F.Supp.2d 463, 465 (D.N.J. 2009).  Although the Court certified the summary judgment order for appeal pursuant to Fed. R. Civ. P. 54(b), and Einhorn has filed his notice of appeal, the Court retains jurisdiction to decide the instant Motion for Attorneys' Fees.  *See West v. Keve*, 721 F.2d 91, 95 n.5 (3d Cir. 1983) ("the district court is not divested of jurisdiction to determine the [attorneys' fee] application" "during a pending appeal on the predicate case.")

I.

This case has a long and complex factual and procedural history that, for the most part, is not relevant to the present Motion. The Court will briefly summarize the relevant background.[2] Over the past four years, three related cases have been brought before this Court. In the first suit, *Teamster's Local Union No. 676 v. Statewide Hi-Way Safety, Inc.,* (05-4652)(JEI) (the Injunction Suit), Local 676, who had collective bargaining agreements (CBA) with Statewide, sought to enjoin Statewide from selling its assets to Ruberton. The Injunction Suit was quickly settled, and Statewide sold its assets to Ruberton shortly thereafter.

In the second suit, *Einhorn v. Statewide, George R. Smith Jr., and Ruberton,* (05-5774)(JEI)(the Delinquency Suit), Einhorn sought to recover allegedly delinquent payments to the Funds[3], which Statewide was obligated to make pursuant to its CBA with

---

[2] For a more thorough recitation of the factual and procedural history of this case see *Ruberton*, 665 F.Supp.2d at 465-72.

[3] The "Funds," managed by Plaintiff Einhorn, refer to the Teamsters' Pension Trust Fund of Philadelphia and Vicinity, an ERISA "employee pension benefit plan," 29 U.S.C. § 1002(2)(A); and the Teamsters' Health & Welfare Fund of Philadelphia and Vicinity, an "employee welfare benefit plan," 29 U.S.C. § 1002(1). Both funds are "multiemployer plans." 29 U.S.C. § 1002(37).

Local 676.[4]  While Einhorn alleged that the delinquencies arose prior to the asset sale, he also alleged that Ruberton was liable for the delinquencies as Statewide's successor.  Like the previous Injunction Suit, the Delinquency Suit settled.  In the agreement settling the Delinquency Suit, Statewide agreed to pay the delinquencies in exchange for Einhorn waiving a portion of the liquidated damages.[5]

Statewide never paid the full amount due under the Settlement Agreement, leading to the third suit, where Einhorn sued only Ruberton, attempting to recover what Statewide failed to pay under a theory of successor liability (the Successor Suit). In that suit, the parties filed cross motions for summary judgment.  This Court rejected Einhorn's theory of successor liability, granted summary judgment in favor of Ruberton and denied Einhorn's motion for summary judgment.  *See Ruberton*, 665 F.Supp.2d at 476-77.[6]

---

[4] Einhorn sued Statewide pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 and 1145, Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and federal common law. (Delinquency Suit Compl. at 1, ¶ 1)

[5] Einhorn also agreed to dismiss without prejudice the claim against Ruberton.

[6] Ruberton's third party action alleging legal malpractice claims against Third Party Defendants Ronald Tobia, Esq.; Tobia & Sorger Esquires, LLC; and David DeClement, Esq. has been stayed pending appeal of the Successor Suit.

Presently before the Court is Ruberton's Motion for Attorneys' Fees and Costs in connection with the defense of the Successor Suit pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).[7]

## II.

Section 1132(g)(1) provides, "[i]n any action under this subchapter... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In exercising its discretion, the Court considers:

> (1) the offending parties' culpability or bad faith;
>
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
>
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
>
> (4) the benefit conferred on members of the pension plan as a whole; and
>
> (5) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983). The Court must weigh the totality of the factors; the absence of any one factor is not dispositive. *Fields v. Thompson Printing Co.,*

---

[7] Ruberton seeks $259,571.77 for attorneys' fees and an additional $2,297.49 in costs.

*Inc.*, 363 F.3d 259, 275-76 (3d Cir. 2004).

In response, Plaintiff Einhorn contends that Ruberton has moved for attorneys' fees pursuant to the wrong provision of ERISA. Instead, Einhorn argues that the Court must apply 29 U.S.C. § 1451(e), the fee-shifting provision of the Multiemployer Pension Plan Amendments Act (MPPAA), 29 U.S.C. § 1381 *et seq.*, which modified ERISA. Section 1451(e) provides "[i]n any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorneys' fees, to the prevailing party."

Although the language of the two provisions are similar, Einhorn asserts the Third Circuit has established different tests for prevailing employers under §§ 1132(g)(1) and 1451(e); therefore, the five factor *Ursic* test does not apply to the present Motion. Instead, "[a] multiemployer plan that has lost a collection action may *only* be held liable for a prevailing employer's attorneys fees when the plan's claim was 'frivolous, unreasonable or without foundation.'" Pl. Br. Opp'n Def.'s Mot. at 1, ¶ 2 (quoting *Dorn's Transportation, Inc. v. Teamsters Pension Trust Fund of Philadelphia and Vicinity* 799 F.2d 45, 50 (3d Cir. 1986)(emphasis in original)). Thus, Einhorn insists that the Court must apply § 1451(e) and *Dorn's* frivolity test to

6

the present Motion. The Court disagrees.[8]

Einhorn's Successor Suit alleged Ruberton acquired liability for Statewide's delinquent contributions to the Funds under a theory of successor liability.  *Ruberton*, 665 F.Supp.2d at 465. Einhorn initially sued Statewide pursuant to 29 U.S.C. §§ 1132 and 1145.  (Delinquency Suit Compl. at 1, ¶ 1) At no time did Einhorn allege a violation under § 1451.[9]  Because Einhorn never asserted a claim under § 1451, the statute does not permit a claim for attorneys' fees pursuant to § 1451(e).  "In any action under *this section*, the court may award... reasonable attorney's fees. "  29 U.S.C. § 1451(e) (emphasis added).  In order to bring a motion for attorneys' fees under § 1451(e), the moving party must have been successful in a suit brought pursuant to § 1451.

Ruberton moves for attorneys' fees pursuant to § 1132(g)(1), which contains similar language: "In any action under *this subchapter*... the court in its discretion may allow a reasonable attorney's fee."  29 U.S.C. § 1132(g)(1) (emphasis added).

---

[8] Although the Court finds that § 1132(g)(1) is the proper section, and the *Ursic* factors the proper test; Ruberton would also fail *Dorn's* frivolity test.  *See infra* Part III.D.

[9] Although Einhorn correctly notes in his reply brief that in an action to compel an employer to pay withdrawal liability, § 1451(b) provides that the suit shall be treated as a delinquent contribution within the meaning of § 1145; Einhorn incorrectly concludes that the reverse is also true: a delinquent contribution claim under § 1145 incorporates § 1451.  (Pl. Br. Opp'n Def.'s Mot. at 4, ¶ 1)

7

Initially, Einhorn brought suit against Statewide pursuant to §§ 1132 and 1145, and subsequently against Ruberton under a theory of successor liability.  Upon prevailing, Ruberton has properly moved for attorneys' fees under § 1132(g)(1).

### III.

The Court must now weighs the five *Ursic* factors.  As noted previously, the Court considers the totality of the factors; no one factor is dispositive.  *Fields*, 363 F.3d at 275-76.

### A.

The second and fourth *Ursic* factors are undsputed.  The second factor considers whether Einhorn can satisfy an award of attorneys' fees.  The Funds control assets totaling approximately $1.4 billion.  (Br. Supp. Def.'s Mot. 7)  Einhorn does not dispute that the Funds would be able to satisfy an award of attorneys' fees.

As for the fourth factor, Ruberton concedes that an award of attorneys' fees would not bestow a benefit on pension plan members.  (Br. Supp. Def.'s Mot. 8)  Thus, the second factor weighs in favor of an award of attorneys' fees and the fourth factor weighs against an award of attorneys' fees.

**B.**

The Court now turns to the first factor, which requires a showing of bad faith or culpability.[10] Culpable conduct encompasses action that is "reprehensible or wrong." *McPherson v. Employees' Pension Plan of America Re-Insurance Co., Inc.*, 33 F.3d 253, 257 (3d Cir. 1994) (quoting *Black's Law Dictionary* (6th ed. 1990)). Although the Third Circuit does not require an "ulterior or sinister purpose" to satisfy the first factor, "a party is not culpable merely because it has taken a position that did not prevail in litigation." *Id*. at 257.

Ruberton strenuously argues that Einhorn acted culpably by "aggressively pursu[ing] this litigation." (Br. Supp. Def.'s Mot. at 5)  Specifically, Ruberton argues that 1) Einhorn brought this litigation with the underlying purpose of establishing favorable successor liability precedent (*Id.* at 5-8); 2) Einhorn immediately appealed this Court's decision before even obtaining certification pursuant to Fed. R. Civ. P. 54 (*Id.* at 6), and; 3) Einhorn refused to engage in settlement negotiations before filing a notice of appeal. (*Id.*)

With regard to Einhorn's alleged motivation for pursuing

---

[10] Ruberton concedes that Einhorn did not act in bad faith. (Br. Supp. Def.'s Mot. at 5)

9

this suit,[11] there is certainly nothing reprehensible or wrong (in the undisputed absence of bad faith) in vigorously advocating a legally supportable-- albeit ultimately unsuccessful-- position that would benefit the Funds.  Indeed, Ruberton cites no authority for its position.

Next, Ruberton argues Einhorn acted culpably by immediately appealing the Court's summary judgment decision, which was not a final order.  However, it was Ruberton, not Einhorn, that ultimately filed the Motion to Certify the decision as final, which expedited the appeal.  Seeking to immediately appeal the summary judgment decision was not culpable, but even if it were, by its own logic, Ruberton itself would be culpable.

Finally, Einhorn was and is under no duty to engage in settlement negotiations.  The mere fact that Ruberton will expend additional attorneys' fees to defend this suit at the appellate level does not establish that Einhorn acted culpably.

Accordingly, the first factor does not support an award of attorney's fees.

### C.

The third factor, the deterrent effect on the offending

---

[11] Einhorn has not stated what his motivations were or are.

parties, also does not favor an award of attorneys' fees.[12]  This factor considers "whether it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which the [non-moving party] engaged."  *McPherson*, 33 F.3d at 258.  Here, an award of attorneys' fees would frustrate ERISA's objectives.  Indeed, Einhorn might have had a fiduciary duty to bring the suit if there was a reasonable prospect of success.  *See* 29 U.S.C. § 1104(a); *see also Massachusetts Mut. Life Ins. Co. V. Russell*, 473 U.S. 134, 151-54 (1985); *Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Securities Inc.,* 93 F.3d 1171, 1180 (3d Cir. 1996).  If an award of attorneys' fees deters fund managers from pursuing potentially meritorious claims pursuant to their fiduciary duties, ERISA objectives could be undermined.

**D.**

Although Ruberton prevailed on summary judgment, the fifth factor-- the relative merits of the parties' positions-- does not automatically weigh in Ruberton's favor.  "The fact that the [losing party's] position has not been sustained, does not alone put the fifth factor in the column favoring an award."

---

[12] It is difficult to imagine a situation in which a prevailing employer could satisfy the third factor, deterrence, absent a finding of culpability or bad faith.

11

*McPherson*, 33 F.3d at 258.  Nor must the moving party prove that their adversary's position was so meritless as to evidence bad faith litigating.  *Id.*

Einhorn argued his theory of successor liability in reliance on the only clear authority addressing successor liability in the asset purchase context*, Upholsters' Intern. Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323 (7th Cir. 1990).[13]  While this Court believes that its analysis of successor liability comports with both established principles of corporate law and Third Circuit precedent, this cases involves a complex legal question of first impression in the Third Circuit.  The Court cannot conclude that the merits of Ruberton's position so outweighed the relative merits of Einhorn's position that the fifth factor favors an award of attorneys' fees.

### IV.

The Court must now balance the factors: 1) Einhorn did not act culpably or in bad faith; 2) Einhorn can afford an award of attorneys' fees; 3) there would be no deterrent effect against the offending parties (in part because there is not conduct warranting deterrence); 4) there would be no benefit to plan

---

[13] Indeed, Ruberton itself briefed the issue as if the *Artistic Furniture* standard applied.

members; and, 5) the relative merits of the parties' position does not weigh in favor of an award of attorneys' fees. After taking into account all the factors, and finding that only the second factor favors an award of attorneys' fees; Ruberton has not satisfied the five factor *Ursic* test. Therefore, Ruberton's Motion for Attorneys' Fees and Costs will be denied. The Court will issue an appropriate Order.

    June 28, 2010                                s/ Joseph E. Irenas

                                                       JOSEPH E. IRENAS, S.U.S.D.J.